# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| BLITZSAFE TEXAS, LLC, | § Case No. |
| Plaintiff, | § **JURY TRIAL DEMANDED** |
| v. | § |
| HARLEY-DAVIDSON MOTOR COMPANY, INC., | § |
| Defendant. | § |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Blitzsafe Texas, LLC ("Blitzsafe" or "Plaintiff"), files this original Complaint against Defendant Harley-Davidson Motor Company, Inc. ("Harley-Davidson" or "Defendant"), for patent infringement under 35 U.S.C. § 271 and alleges as follows:

## THE PARTIES

1.      Blitzsafe is a limited liability company organized and existing under the laws of the State of Texas and maintains its principal place of business at 100 West Houston Street, Marshall, Texas 75670.  Blitzsafe sells automotive interface products that allow the end-user to connect a third-party external audio device or multimedia device to a car stereo in order to play the content on the device through the car stereo system and speakers.  Blitzsafe sells its products throughout the United States including in this Judicial District.

2.      Upon information and belief, Harley-Davidson is a Wisconsin corporation, with a place of business at 1801 Alma Drive, #200, Plano, Texas 75075.  Upon information and belief, Defendant may be served with process through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## JURISDICTION

3. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant. Defendant conducts business and has committed acts of patent infringement and/or has induced acts of patent infringement by others in this Judicial District and/or has contributed to patent infringement by others in this Judicial District, the State of Texas, and elsewhere in the United States.

5. Upon information and belief, Defendant transacts substantial business in the State of Texas and this Judicial District. Defendant has committed acts of infringement in this District, by among other things, offering to sell and selling products that infringe the asserted patents, including the accused devices as alleged herein, as well as providing service and support to its customers in this District. Upon information and belief, Defendant, directly or indirectly, participates in the stream of commerce that results in products, including the accused products, being made, used, offered for sale, and/or sold in the State of Texas and/or imported into the United States to the State of Texas.

6. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because, among other things, Defendant has transacted business in the Eastern District of Texas and has committed acts of direct and indirect infringement in the Eastern District of Texas. Defendant has regular and established places of business within this Judicial District, including, but not limited to, a facility located at 1801 Alma Drive, #200, Plano, Texas 75075.

## PATENTS-IN-SUIT

7. On February 10, 2009, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,489,786 (the "'786 Patent") entitled "Audio Device Integration System." A true and correct copy of the '786 Patent is attached hereto as Exhibit A.

8. On April 10, 2012, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,155,342 (the "'342 Patent") entitled "Multimedia Device Integration System." A true and correct copy of the '342 Patent is attached hereto as Exhibit B.

9. Blitzsafe is the sole and exclusive owner of all right, title, and interest to and in the '786 Patent and the '342 Patent (together, the "Patents-in-Suit"), and holds the exclusive right to take all actions necessary to enforce its rights to the Patents-in-Suit, including the filing of this patent infringement lawsuit. Blitzsafe also has the right to recover all damages for past, present, and future infringement of the Patents-in-Suit and to seek injunctive relief as appropriate under the law.

## FACTUAL ALLEGATIONS

10. The Patents-in-Suit generally cover systems for integrating third-party audio devices and multimedia devices with a car stereo.

11. Plaintiff has complied with the requirements of 35 U.S.C. § 287(a).

12. Defendant has been manufacturing, importing, offering to sell, selling, and/or importing into the United States audio and multimedia integration systems including, but not limited to, the Boom! Box 6.5 GT, Boom! Box 6.5 GTS, and Boom! Box 4.3, since at least as early as 2015 (hereinafter collectively referred to as "Infotainment Systems").

13. The Infotainment Systems support the integration of third-party external audio and multimedia devices, such as MP3 players, with the car stereo. The Infotainment Systems permit

an end-user to connect a third-party external audio or multimedia device to the car stereo by wire, such as through a USB port or auxiliary port, or wirelessly, such as through Bluetooth.  Once connected, the end-user may control the third-party external audio or multimedia device using the car stereo's controls, and the audio from the external device may be played through the car stereo and speakers while text, pictures, visual images, and video may be displayed on the display screen of the car stereo.

## COUNT I
### (Infringement of the '786 Patent)

14.     Paragraphs 1 through 13 are incorporated herein by reference as if fully set forth in their entireties.

15.     Blitzsafe has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '786 Patent.

16.     Defendant has and continues to directly infringe one or more claims of the '786 Patent, including claim 57, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States infringing Infotainment Systems without authority and in violation of 35 U.S.C. § 271.

17.     Defendant has and continues to indirectly infringe one or more claims of the '786 Patent by knowingly and intentionally inducing others to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States the infringing Infotainment Systems.  For example, Defendant, with knowledge that the Infotainment Systems infringe the '786 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce direct infringement of the '786 Patent by providing Infotainment Systems to automotive original equipment manufacturer ("OEMs") for use, sale, and importation into the United States.

Defendant provides Infotainment Systems product manuals and documentation that instruct automotive OEMs and end-users how to use the Infotainment Systems, including specifically how to connect external third-party audio and multimedia devices to the car stereo. Defendant induced infringement by others, including automotive OEMs and end-users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including automotive OEMs and end-users, infringe the '786 Patent, but while remaining willfully blind to the infringement.

18.     Defendant has and continues to indirectly infringe one or more claims of the '786 Patent by contributing to the direct infringement, either literally or under the doctrine of equivalents, by others, including automotive OEMs and end-users, by offering to sell, selling, and/or importing into the United States the infringing Infotainment Systems, with the knowledge that, at least as of the date of this Complaint, the Infotainment Systems contain components that constitute a material part of the inventions claimed in the '786 Patent. Such components include, for example, interfaces that permit an end-user to use a car stereo's controls to control an external third-party audio device and multimedia device. Defendant knows that these components are especially made or especially adapted for use in an infringement of the '786 Patent and that these components are not a staple article or commodity of commerce suitable for substantial non-infringing use. Alternatively, Defendant believed there was a high probability that others would infringe the '786 Patent but remained willfully blind to the infringing nature of others' actions.

19.     Blitzsafe has suffered damages as a result of Defendant's direct and indirect infringement of the '786 Patent in an amount to be proved at trial.

20. Blitzsafe has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '786 Patent for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

21. Defendant has committed and continues to commit acts of infringement that Defendant actually knew or should have known constituted an unjustifiably high risk of infringement of at least one valid and enforceable claim of the '786 Patent. Upon information and belief, Defendant had actual knowledge of the '786 Patent from prior litigations accusing Defendant's customers of infringement based on products supplied to those customers by Defendant. Defendant's infringement of the '786 Patent has been and continues to be willful, entitling Blitzsafe to an award of treble damages, reasonable attorney fees, and costs in bringing this action.

## COUNT II
### (Infringement of the '342 Patent)

22. Paragraphs 1 through 13 are incorporated herein by reference as if fully set forth in their entireties.

23. Blitzsafe has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '342 Patent.

24. Defendant has and continues to directly infringe one or more claims of the '342 Patent, including claim 49, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States infringing Infotainment Systems without authority and in violation of 35 U.S.C. § 271.

25. Defendant has and continues to indirectly infringe one or more claims of the '342 Patent by knowingly and intentionally inducing others to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the

United States the infringing Infotainment Systems. For example, Defendant, with knowledge that the Infotainment Systems infringe the '342 Patent, at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce direct infringement of the '342 Patent by providing Infotainment System units to automotive OEMs for use, sale, and importation into the United States. Defendant provides Infotainment Systems product manuals and documentation that instruct automotive OEMs and end-users how to use the Infotainment Systems, including specifically how to connect external third-party audio and multimedia devices to the car stereo. Defendant induced infringement by others, including automotive OEMs and end-users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including automotive OEMs and endusers, infringe the '342 Patent, but while remaining willfully blind to the infringement.

26. Defendant has and continues to indirectly infringe one or more claims of the '342 Patent by contributing to the direct infringement, either literally or under the doctrine of equivalents by others, including automotive OEMs and end-users, by offering to sell, selling, and/or importing into the United States infringing Infotainment Systems, with the knowledge, that at least as of the date of this Complaint, the Infotainment Systems contain components that constitute a material part of the inventions claimed in the '342 Patent. Such components include, for example, interfaces that permit an end-user to use a car stereo's controls to control an external third-party audio device. Defendant knows that these components are especially made or especially adapted for use in an infringement of the '342 Patent and that these components are not a staple article or commodity of commerce suitable for substantial non-infringing use.

Alternatively, Defendant believed there was a high probability that others would infringe the '342 Patent but remained willfully blind to the infringing nature of others' actions.

27. Blitzsafe has suffered damages as a result of Defendant's direct and indirect infringement of the '342 Patent in an amount to be proved at trial.

28. Blitzsafe has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '342 Patent for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

29. Defendant has committed and continues to commit acts of infringement that Defendant actually knew or should have known constituted an unjustifiably high risk of infringement of at least one valid and enforceable claim of the '342 Patent. Upon information and belief, Defendant had actual knowledge of the '342 Patent from prior litigations accusing Defendant's customers of infringement based on products supplied to those customers by Defendant. Defendant's infringement of the '342 Patent has been and continues to be willful, entitling Blitzsafe to an award of treble damages, reasonable attorney fees, and costs in bringing this action.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Blitzsafe prays for relief against Defendant as follows:

a. Entry of judgment declaring that Defendant has directly and/or indirectly infringed one or more claims of each of the Patents-in-Suit;

b. Entry of judgment declaring that Defendant's infringement of the Patents-in-Suit has been willful and deliberate;

  c. An order pursuant to 35 U.S.C. § 283 permanently enjoining Defendant, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with it from further acts of infringement of the Patents-in-Suit;

  d. An order awarding damages sufficient to compensate Blitzsafe for Defendant's infringement of the Patents-in-Suit, but in no event less than a reasonable royalty, together with interest and costs;

  e. An order awarding Blitzsafe treble damages under 35 U.S.C. § 284 as a result of Defendant's willful and deliberate infringement of the Patents-in-Suit;

  f. Entry of judgment declaring that this case is exceptional and awarding Blitzsafe its costs and reasonable attorney fees under 35 U.S.C. § 285; and

  g. Such other and further relief as the Court deems just and proper.

Dated: August 3, 2021        Respectfully submitted,

                */s/ Alfred R. Fabricant*
                Alfred R. Fabricant
                NY Bar No. 2219392
                Email: ffabricant@fabricantllp.com
                Peter Lambrianakos
                NY Bar No. 2894392
                Email: plambrianakos@fabricantllp.com
                Vincent J. Rubino, III
                NY Bar No. 4557435
                Email: vrubino@fabricantllp.com
                **FABRICANT LLP**
                411 Theodore Fremd Avenue,
                Suite 206 South
                Rye, New York 10580
                Telephone: (212) 257-5797
                Facsimile: (212) 257-5796

Samuel F. Baxter
Texas State Bar No. 01938000
Email: sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
Email: jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 E. Houston Street, Suite 300
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

**ATTORNEYS FOR PLAINTIFF,
BLITZSAFE TEXAS, LLC**